IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GARLAND CLEM,

       Petitioner,

v.                                                    Civil Action No. 3:06CV41
                                                  Criminal Action No. 3:04CR4

UNITED STATES OF AMERICA,       (DISTRICT JUDGE)

       Respondent.

## REPORT AND RECOMMENDATION
## THAT §2255 MOTION BE DENIED
## AND DENYING MOTION TO EXPEDITE AS MOOT

### I. INTRODUCTION

On April 28, 2006, *pro se* petitioner filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. The Government filed its response August 15, 2006. Petitioner filed a response in opposition to the Government's response September 8, 2006. Petitioner filed a Motion to Expedite previous petition for review of sentence November 8, 2006.

### II. FACTS

A.    **Conviction and Sentence**

On April 5, 2004, Petitioner signed a plea agreement by which he agreed to plead guilty to Count One, felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1).

On April 12, 2004, the petitioner entered his plea in open court. Petitioner was 40 years old and educated through the twelfth grade. (Plea transcript p. 4) Petitioner stated that he understood and agreed with all the terms of the plea agreement. (Id. at 11) The Court then reviewed all the rights petitioner was giving up by pleading guilty. (Id. at 17-19) During the

plea hearing, the Government presented the testimony of Special Agent Doug Dean, Department of Justice with the Bureau of ATFE, to establish a factual basis for the plea. (Id. at 20-23) The petitioner did not contest the factual basis of the plea.

After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Count One of the indictment. (Id. at 23) The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (Id.) In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id.) The petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. (Id. at 24) Finally, petitioner said he was in fact guilty of the crime to which he was pleading guilty (Id.)

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty; and that the elements of the crime were established beyond a reasonable doubt. (Id. at 28) The petitioner did not object to the Court's finding.

On July 12, 2004, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 62 months imprisonment to run concurrently with his sentence in Clarke County, Virginia.

**B.    Appeal**

Petitioner did not pursue a direct appeal.

**C.    Federal Habeas Corpus**

Petitioner contends in Ground One that he should receive jail credit for the time he was in custody prior to his sentencing from September 1, 2003 to July 12, 2004. In Ground Two,

petitioner contends that he should get credit and a sentence reduction when he participates in the 500-hour drug treatment program. Petitioner contends in Ground Three that being sentenced to a term of supervised release following his incarceration is unlawful. Lastly, in Ground Four, petitioner contends that his good time credit is not being calculated properly.

The Government contends that this petition violates the one year period of limitations and should be denied as untimely. Additionally, the Government contends that the allegations in Grounds One, Two, and Four are not within the jurisdiction of the District Court, but are within the sole discretion and authority of the Bureau of Prisons. In regard to Ground Three, the Government contends that according to Title 18, United States Code, Section 3583, supervised release may be included as a part of a sentence requirement.

**D.     Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket as untimely.

### III.  ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.[1]

The limitation period shall run from the last of:

1.      The date on which the judgment of conviction becomes final;

2.      The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[2]; or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

In his § 2255 motion, the petitioner maintains that his motion is timely under AEDPA because new facts had just become available to him. In this regard, the petitioner is clearly wrong.

In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Aikens v. United States, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000). There are two recognized exceptions to this general rule, which apply when a federal prisoner seeks direct appellate review of his conviction or sentence. First, if, following the disposition of his direct appeal, a federal prisoner files a petition for writ of certiorari with the U.S. Supreme Court, the conviction becomes final when the Supreme Court either denies certiorari or issues a decision on the merits. See Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not file a timely certiorari petition after disposition of his direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is ninety days after entry of the judgment on direct appeal. See Clay v. United States, 537 U.S. 522, 532 (2003). Here neither exception applies because the petitioner did not file a direct appeal of his conviction.

For federal prisoners, the time for filing a direct appeal expires ten days after the written judgment of conviction is entered on the criminal docket. *See* Fed. R.Ap. P. 4(b)(1)(A)(I), (6).

---

[2] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, ____ U.S. ____, 125 S.Ct. 2478 (2005).

Therefore, the petitioner's conviction became final on July 31, 2004, the date his time for filing a direct appeal expired. Therefore, he had until July 31, 2005, to file his habeas corpus under AEDPA. Because the petitioner did not file his § 2255 motion until April 28, 2006, it is clearly time barred.

**IV. Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because the petitioner is time-barred from raising his claim since his petition was filed over one year after his conviction became final. Petitioner's Motion to Expedite is denied as moot.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: July 2, 2007

     /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE